IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TERRI LYNNE PARE,                    )
                                     )
            Plaintiff,               )
                                     )
      -vs-                           )          Civil Action No.  15-119 Erie
                                     )
CAROLYN W. COLVIN,                   )
COMMISSIONER OF SOCIAL SECURITY,     )
                                     )
            Defendant.               )

AMBROSE, Senior District Judge.

## OPINION
### and
## ORDER OF COURT

### SYNOPSIS

Terri Lynne Pare ("Pare") filed an application for Supplemental Security Income ("SSI")

on August 19, 2009, alleging a disability beginning on August 1, 2009. Pare bases her claim on,

among other things, diabetes mellitus, bipolar disorder, heart valve problems, and depression.

(R. 22, 262) The claims were denied initially and Pare received a hearing before an ALJ. (R.

128, 154) Pare was represented by counsel at the hearing and a vocational expert testified. (R.

42-81) The ALJ denied Pare's claim but her request for review filed with the Appeals Council

met with success. The Appeals Council remanded the claim to the ALJ for further consideration.

(R. 149) The ALJ held a second hearing on November 25, 2013 and both Pare and a vocational

expert testified. (R. 82-127) A different ALJ issued a decision on January 8, 2014 denying

Pare's claim for benefits. (R. 22-34). This appeal follows the Appeals Council's   denial of Pare's

request for review. (R. 1-4)

Before the Court are Cross-Motions for Summary Judgment. (Docket Nos. [9] and [11]).

Both parties have filed Briefs in Support of their Motions. (Docket Nos. [10] and [12]).   After

careful consideration of the submissions of the parties, and based on my Opinion set forth below, the ALJ's decision is affirmed.

## I. BACKGROUND

Pare was born on May 24, 1962 and was 49 years old at the time of the first hearing. (R. 47) Pare has a high school diploma and attended one year of nursing school where she obtained a certificate of nursing. (R. 48) She has past work experience in the nursing field and in the food service industry (R. 49) Pare currently lives with her adult son in an apartment. (R. 47-48) Although Pare occasionally does some cooking and cleaning, her son primarily does those things. (R. 71-72) He does all of the lifting and vacuuming as well as the laundry, the grocery shopping and the garbage. (R. 72) Pare herself does not drive. (R. 67-68)

As stated above, the ALJ concluded that Pare has not been under a disability within the meaning of the Social Security Act during the relevant period of time. (R. 23-35) Specifically, the ALJ determined that Pare's diabetes mellitus, peripheral artery disease, history of mild heart disease, obesity, degenerative disc disease of the lumbar spine and bipolar disorder constituted severe impairments, but that those impairments did not meet or medically equal an impairment listed in Appendix 1, (20 C.F.R. § 416.920(d), 416.925 and 416.926. (R. 25-30) The ALJ further concluded that Pare had the residual functional capacity to perform light work, with certain limitations. (R. 30) Specifically, he found Pare to be limited to performing repetitive, unskilled, 2-3 step tasks that do not require frequent contact with the public, supervisors or co-workers. (R. 30) At the fourth step of the analysis, the ALJ found that Pare had no past relevant work. (R. 33) However, at the fifth step, the ALJ concluded that Pare retained the residual functional capacity to perform the jobs of housekeeper and mail room clerk. Consequently, the ALJ denied her claim. (R. 35)

Pare challenges the ALJ's decision in several respects. For the reasons set forth below,

I reject each argument.

## II. <u>LEGAL ANALYSIS</u>

### A)       Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision.  *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989).  Substantial evidence has been defined as "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate."  *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive.  42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979).  A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record.  *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998).  Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole.  *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months.  42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant.  20 C.F.R. §404.1520(a).  The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment,

3

whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B) Discussion

#### 1. The ALJ's Alleged Failure to Evaluate Evidence

Pare contends that the ALJ failed to "evaluate pertinent and substantial medical evidence of record." *See ECF Docket No.* [10], p. 13. Specifically, Pare references a medical source statement prepared by Dr. Michael Tarbox on June 29, 2011. (R. 597-599) Pare charges that the ALJ erred in failing to discuss Dr. Tarbox's opinion.

Pare is correct in maintaining that the ALJ failed to discuss Dr. Tarbox's medical source statement. Nevertheless, I find remand unnecessary as his failure in this regard amounts to harmless error. "The harmless error standard is well-established in our jurisprudence." *Emery v. Colvin*, Civ. No. 14-3373, 2015 WL 4770551 at * 8 (E.D. Pa. Aug. 11, 2015), *quoting*, *Rutherford v. Barnhart*, 399 F.3d 546, 553 (3d Cir. 2005) (refusing to remand where stricter compliance with social security ruling would not have changed the outcome of the case). "Remand is not

4

required if the outcome of the case would be the same." *Emery*, 2015 WL 4770551 at * 8, *citing*, *Fisher v. Bowen*, 869 F.2d 1055, 1057 (7th Cir. 1989) (holding that administrative law does not require the court to remand a case "in quest of a perfect opinion unless there is reason to believe that the remand might lead to a different result.") Here, although Dr. Tarbox did opine that Pare was unable to stand and / or walk at all during an 8 hour workday and placed restrictions on her ability to lift and carry, those restrictions were premised upon her inability "to wear shoe" and to "weight bear on right foot" following surgery to her foot. (R. 597-99) It is clear that this condition resolved itself. The soft tissue mass for which Dr. Tarbox was treating Pare at the time the report was issued subsequently cleared up. A follow-up visit note from June 14, 2011 indicates that Pare reported doing "very well." (R. 754, 759) (stating, "[t]he previous incision on the plantar right foot is completely healed and epithelialized.") Pare reported less than 12 months later that she was extremely active and enjoyed walking and biking daily. (R. 759) Simply stated, the foot condition which prompted Dr. Tarbox's report resolved within 12 months and, as such, cannot constitute a "severe impairment." *See* 20 C.F.R. § 416.912(c). Any failure by the ALJ to discuss the report is, therefore, harmless error. Consequently, remand is not necessary.

(2)     Duty to Develop the Record

Pare next argues that the "ALJ failed to complete the record with any medical evidence to show the Plaintiff's exertional abilities throughout the period of disability, of more than four years." *See ECF Docket No.* [10], p. 15. More specifically, Pare urges that SSR 82-61 compels the ALJ to re-contact treating sources and / or send Pare for a consultative examination. Pare is misguided in her contentions. Pare contends that, "the information provided was insufficient for the ALJ to make a decision, [therefore] the ALJ had the duty to recontact treating sources and / or send the Plaintiff to a consultative examination." *See ECF Docket No.* [10], p. 15. I disagree.

Certainly the agency does have the duty to develop the record in a manner sufficient to

make a determination of disability. *Ventura v. Shalala*, 55 F.3d 900 (3d Cir. 1995); 20 C.F.R. § 416.912(d).[1]  Nevertheless, "[a]lthough the Act 'provides an applicant with assistance to prove his claim, the ALJ does not have a duty to search for all the relevant evidence available, because such a requirement would shift the burden of proof.'" *Lynn v. Commissioner of Soc. Sec.*, Civ. No. 12-1200, 2013 WL 3853460 at * 15 (W.D. P.A. July 24, 2013), *quoting, Schwartz v. Halter*, 134 F. Supp.2d 640, 656 (E.D. Pa. 2010). In fact, the regulations place the burden upon Pare to demonstrate that she is disabled; which means that she has the duty to provide medical and other evidence showing that she has an impairment(s) and how severe it is. 20 C.F.R. § 416.912(a)-(c).

After careful review of the record, I find that the ALJ did not require additional evidence in order to reach a decision in this case. The ALJ reviewed a consultative examination prepared by Dr. Rao Nadella on November 20, 2009. (R. 25, 448-451) As noted by the ALJ, Pare was found to be "somewhat obese," but to have regular heart sounds, normal movement of her extremities, normal neurological examination findings, normal reflexes, and normal gait. (R. 25) Further, although Dr. Nadella recorded a "[h]istory of diabetes mellitus, bipolar disorder and depression," Dr. Nadella did not offer any specific statement as to any work-related functional limitations. (R. 449, 25) Additionally, the ALJ observed that treatment notes from Smethport Family Practice indicated that Pare's pain was managed through medication. (R. 26, 692-705) The evidence Pare submitted, as was her burden, did not support her claim of disability.  It was not the ALJ's duty to seek additional evidence to buttress this claim.

---

[1] The duty to develop the record is heightened when a claimant appears *pro se*. *Early v. Heckler*, 743 F.2d 1002 (3d Cir. 1984); *Reefer v. Barnhart*, 326 F.3d 376, 380 (3d Cir. 2003).  In those cases, an ALJ must "assume a more active role." *Comiskey v. Astrue*, Civ. No. 9-252, 2010 WL 308979 at * 5 (E.D. Pa. Jan. 27, 2010). Such is not the case here. Pare was represented by an attorney. "When an applicant for social security benefits is represented by counsel, the ALJ 'is entitled to assume that he is making his strongest case for benefits.'" *Beers v. Colvin*, Civ. No. 12-2129, 2014 WL 241514 at * 6 (M.D. Pa. Jan. 22, 2014), *quoting, Batts v. Barnhart*, 2002 WL 32345745 (E.D. Pa. March 29, 2002).

Finally, Pare challenges the ALJ's findings regarding her mental health impairments. More specifically, Pare urges that the ALJ erred in the weight accorded the opinion of consultative examiner Dr. Addis.[2] I reject Pare's contention.

It should be noted that the ALJ gave "great weight" to a portion of Dr. Addis's assessment. Specifically, the ALJ accepted Dr. Addis's opinion that Pare did not "seem to have difficulties in performing daily activities on a sustained basis; she can shop, cook, clean, maintain a residence and engage in personal care and hygiene." (R. 31) The ALJ also agreed with Dr. Addis that Pare "does not demonstrate difficulties in the ability to get along with family, friends, or neighbors, but might have troubles with co-workers, employers and the general public." (R. 31-32) Further, the ALJ found persuasive Dr. Addis's conclusion that Pare's mental condition has not affected her ability to maintain a daily household routine, sustain attention long enough to do basic tasks, remember appointments independently or complete assignments." (R. 32) The ALJ explained that these assessments were consistent with the great weight of the mental health evidence.  What Pare seems to take issue with is ALJ decision to give "little weight to that portion of Dr. Addis's assessment that indicates that the claimant has a marginal ability to sustain attention, follow instructions, relate to others and tolerate pressures because it is not supported by the evidence of record." (R. 32).

Pare has not convinced me that the ALJ's treatment of Addis's decision was in error. To be clear, the standard is not whether there is evidence to establish a claimant's position, which is what Pare seems to argue, but, rather, is whether there is substantial evidence to support the

---

[2] Pare also includes a paragraph asserting that "the ALJ has chosen not to follow the order of the Appeals council and therefore has not done his job." *See ECF Docket No.* [10] p. 19.   Pare references the Appeals Council's Order remanding the case.  That Order was fairly detailed. Pare generically contends that "the ALJ simply did not follow the Order." *Id.*, p. 19. To the extent that Pare claims that the ALJ failed to follow a particular mandate of the Appeals Council regarding evaluation of a mental health impairment, Pare's argument is so vague and undeveloped as to preclude review.

ALJ's finding. *Allen v. Bowen*, 881 F.2d 37, 39 (3d. Cir. 1989). Here, substantial evidence of record does support the ALJ's position. For instance, Dr. Joseph Kowalski, a state agency psychologist, reviewed the report prepared by Dr. Addis and concluded that Pare's impairments did not preclude her from performing the basic mental demands of competitive work on a sustained basis. (R. 484) Further, during appointments with Dr. Bazzoui, Dr. Bazzoui reported that Pare looked "happy" and "motivated," and felt "emotionally well," "optimistic" with no signs of "depression or anxiety." (R. 503, 504, 506, 507). Her bipolar disorder was noted to be "under control" and she was described as "stable." (R. 510) Additionally, during repeated medication checks Pare stated that she felt "good" or "very good," she declined changes to her medication", she had enjoyed a "pretty good summer," she was "looking forward to her vacation," and she was assessed with GAFs at 51-60, 60, 60, 60, 60, 55-60, 55-60   (R. 739-752) Consequently, I find that substantial evidence of record supports the ALJ's findings regarding Pare's mental health impairments.


III. <u>CONCLUSION</u>

After a thorough review of the record and careful consideration of Pare's arguments, I find that the ALJ's decision should be affirmed.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TERRI LYNNE PARE,                          )
                                           )
             Plaintiff,                    )
                                           )
    -vs-                                   )          Civil Action No.  15-119 Erie
                                           )
CAROLYN W. COLVIN,                         )
COMMISSIONER OF SOCIAL SECURITY,           )
                                           )
             Defendant.                    )

AMBROSE, Senior District Judge.


## ORDER OF COURT

Therefore, this  22nd day of February, 2016, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. 9) is denied and Defendant's Motion for Summary Judgment (Docket No. 11) is granted.

It is further ordered that the decision of the Commissioner of Social Security is hereby affirmed.


BY THE COURT:

/s/ Donetta W. Ambrose
Donetta W. Ambrose
United States Senior District Judge